RECEIVED

DEC 0 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEOPOLDO MICHEL** | **CIVIL ACTION NO. 05-207** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SAINT-GOBAIN CONTAINERS, INC.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Plaintiff Leopoldo Michel ("Michel") brings this suit against his former employer, Saint-Gobain Containers, Inc. ("SGCI"), alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,*et seq* ("Title VII") and 42 U.S.C. § 1981 and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* ("ADEA").

Pending before the Court is a Motion for Summary Judgment [Doc. No. 12] filed by SGCI. Michel has filed a Memorandum in Opposition to the Motion for Summary Judgment [Doc. No. 17]. For the following reasons, SCGI's Motion for Summary Judgment is hereby GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

SGCI is a manufacturer of glass containers for the food and beverage industry. SGCI is headquartered in Muncie, Indiana, and operates eighteen plants across the United States, including a facility in Ruston, Louisiana. Michel was employed in the Ruston facility as a machine operator from approximately 1993 to 2002.

While working at SGCI, Michel was represented by the Glass, Molders, Pottery, Plastics

1

& Allied Workers International Union, AFL-CIO, CLC, Local No. 253 ("GMP"). The terms of Michel's employment were governed by a bargaining agreement between SGCI and GMP. The collective bargaining agreement provided Michel with an assortment of employment rights, including the right to grieve any discipline or discharge notice.

On February 8, 2001, Michel was arrested at his home on a charge of possession of marijuana. In July 2002, one week prior to serving his jail sentence, Michel requested that SGCI sign an Employer Work Release Agreement ('Employer Agreement") that would allow him to work at the Ruston facility during his incarceration at the Lincoln Parish Detention Center ("Detention Center"). SGCI's managers understood that by entering into the Employer Agreement, SGCI would be responsible for Michel while he was on work release from the Detention Center.

During the first week of Michel's incarceration, SGCI denied Michel's work release request and refused to sign the Employer Agreement. On approximately August 27, 2002, SGCI terminated Michel's employment, allegedly for attendance issues.

Michel was released from the Detention Center in April 2003. Upon his release, Michel sent SGCI a job application. At some point prior to April 20, 2003, Michel learned that SGCI had decided not to rehire him. On April 20, 2003, Michel sent a letter to GMP asking for assistance in getting rehired. To date, Michel has not been rehired by SGCI.

On April 16, 2004, Michel filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On November 12, 2004, the EEOC issued a notice of right to sue. On February 2, 2005, Michel filed a complaint against SGCI asserting claims of race and age discrimination.

SGCI contends that Michel's complaint is limited to the following claims:

> (1) SGCI denied his request for work release by refusing to enter into the Employer Agreement because he is Hispanic in violation of Title VII and § 1981, and because of his age in violation of the ADEA; and
>
> (2) SGCI refused to rehire him because he is Hispanic in violation of Title VII and § 1981, and because of his age in violation of the ADEA.

On October 21, 2005, SGCI filed a Motion for Summary Judgment [Doc. No. 12] arguing that Michel's claims are untimely and occurred outside the time periods required under Title VII, § 1981, and the ADEA. On November 17, 2005, Michel filed a Memorandum in Opposition [Doc. No. 17] to the Motion for Summary Judgment. On November 28, 2005, SGCI filed a Reply.

With full briefing by all parties completed, the Court is now prepared to rule on the Motion for Summary Judgment.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party

cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Michel's Claim That SGCI Discriminated Against him by Denying his Request to Participate in the Work Release Program

SGCI argues that Michel's claim that SGCI denied his request to participate in a work release program is untimely. However, in Michel's memorandum in opposition, he states that he is not asserting a cause of action for denying his request to participate in the work release program. Therefore, it appears to the Court that Michel is abandoning any potential cause of action that SGCI denied his request to participate in the work release program. This claim is dismissed with prejudice. The Court will focus only on whether Michel's claim of SGCI's refusal to rehire him was timely.

### C. Timeliness of the Filing of a Charge of Discrimination Under Title VII and the ADEA

Title VII prohibits discrimination in employment against any person on the basis of his

4

race, sex, national origin, color, or religion. 42 U.S.C. § 2000e-2(a)(1). The ADEA prohibits an employer from discharging or otherwise discriminating against any individual with respect to "his compensation, terms, conditions, or privileges of employment, because of such individual's age..." 29 U.S.C. § 623(a)(1).

Because Louisiana is a deferral state,[1] Title VII and the ADEA require that a charge of discrimination be filed with the EEOC within 300 days "after the alleged employment practice occurred." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)); *see also* 29 U.S.C. § 626(d)(2). Ordinarily, a party is prohibited from filing a complaint with the court when a party fails to exhaust his or her administrative remedies with the EEOC. *See Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).[2]

SGCI argues that Michel's charge of discrimination was untimely filed 362 days after he knew SGCI would not rehire him. Michel states in his deposition that he knew when he sent a letter to GMP on April 20, 2003, that SGCI had refused to rehire him. Because Michel filed his charge of discrimination with the EEOC on April 16, 2004, SGCI contends that Michel failed to timely exhaust his administrative remedies.

---

[1] Deferral states are those which have state or local agencies that have authority to grant or seek relief from discriminatory practices. *See Burrell v. Brown*, No. 00-30030, 2000 WL 1056312, at *3 (5th Cir. July 28, 2000).

[2] The Court notes that Michel does not assert any argument to suggest the Court should consider any equitable considerations for failing to file within the 300 day time period.

Michel contends that his charge of discrimination was timely filed because SGCI's refusal to rehire him was a continuing discriminatory action. Michel claims that he went approximately every three months to the Louisiana Unemployment Office ("Unemployment Office") to apply to be rehired at SGCI until November 2003. Michel states that each time he went to the Unemployment Office he was told that his application was on file and that he did not need to file a new one.

Michel also argues that SGCI's refusal to rehire him was a continuing discriminatory action because Julie Ann Curtis, Human Resources Director at SGCI, said that SGCI maintains employment applications for an indefinite period of time, and Michel was not rehired for jobs that he was qualified to perform that came open after April 20, 2003.

The Court finds that Michel's EEOC charge was untimely filed. The Fifth Circuit has held that an action is continuing in nature only "when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279-80 (5th Cir. 2004). The Fifth Circuit has described a continuing violation as "reliev[ing] a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *See Messer*, 130 F.3d at 134-35. In *Messer*, the Fifth Circuit explained the continuing violations theory:

> The core idea [of the continuing violations theory,] however, is that [e]quitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights.

*Id.* at 135 (citing *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985)).

6

Michel states in his deposition that he knew SGCI refused to rehire him by April 20, 2003. This is evidenced by Michel's letter to the GMP dated April 20, 2003, asking for assistance in getting rehired stating that, "[u]pon my release from jail the company did not allow me to return to work." As correctly pointed out by SGCI, "[t]he fact that SGCI may have continued to deny Michel rehire after April 20, 2003, does not transform Michel's claim into a continuing violation." Michel was aware of his claim by April 20, 2003, and had 300 days or until February 16, 2004, to file a charge of discrimination with the EEOC. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 259-62 (1980) (holding that review of a previous alleged discriminatory decision does not "obscure the principal that limitations periods normally commence when the employer's decision is made."); *Ramirez v. City of San Antonio*, 312 F.3d 178, 182 (5th Cir. 2002) (holding that "an employee's claim accrues at the moment the employee believes (or has reason to believe) that he is the victim of discrimination."); *see also Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985) (finding that a "failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act.").

Because it is undisputed that Michel was aware that SGCI would not rehire him by April 20, 2003, Michel's charge of discrimination was untimely filed, and Michel failed to exhaust his administrative remedies. SGCI's Motion for Summary Judgment on Michel's Title VII and ADEA claims is GRANTED and these claims are DISMISSED WITH PREJUDICE.

### D.   Timeliness of § 1981 Claim

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right[s] . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42

U.S.C. § 1981(a). "Like many federal statutes, 42 U.S.C. § 1981 does not contain a statute of limitations." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). Ordinarily, courts have applied the relevant state personal injury limitations period–Louisiana's one year prescriptive period for tort actions. *See Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). However, Congress has enacted a catch-all four year statute of limitations, 28 U.S.C. § 1658, for actions arising under federal statutes enacted after December 1, 1990. *Jones*, 541 U.S. at 371.

In SGCI's Motion for Summary Judgment, it argues that "Michel's denial of rehire allegation is a claim for the failure to enter into a new contract," and a cause of action permitted under the pre-1991 version of § 1981. Therefore, SGCI contends that Michel's claim is subject to Louisiana's one year prescriptive period. Michel does not contest SGCI's characterization of his claim and goes so far as to state that SGCI provides a "succinct review of the applicable filing time periods for Title VII, the ADEA, and 42 U.S.C. § 1981," in his memorandum in opposition.

The Fifth Circuit has held that when a plaintiff's claim is based on the failure to enter a new contract, the limitation period of § 1981 claims remains unaltered and subject to the state's prescriptive period–in this case Louisiana's one year prescriptive period. *See Johnson*, 398 F.3d at 341-42. The Court finds that Michel's denial of rehire allegation is a claim for failure to enter into a new contract and subject to Louisiana's one year prescriptive period.[3]

Michel filed his Complaint on February 2, 2005, well beyond one year after April 20, 2003, and the date he became aware that SGCI refused to rehire him. Michel's § 1981 claim is

---

[3]Michel stated in his deposition that he is not contesting his termination, but only SGCI's refusal to rehire him in violation of Title VII, the ADEA, and § 1981.

8

untimely. Accordingly, SGCI's Motion for Summary Judgment on Michel's § 1981 claim is GRANTED, and it is DISMISSED WITH PREJUDICE.

## III. CONCLUSION

For the foregoing reasons, SGCI's Motion for Summary Judgment [Doc. No. 12], is GRANTED. Michel's Title VII, ADEA, and § 1981 claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 8 day of December, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE